UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATRINA WOODALL,
KATANA JOHNSON,
KELLY DAVIS,                                                    Case No.:
JOANIE WILLIAMS,                                                Hon.
LATOYA HEARST,
CYNTHIA WHACK-FINLEY,
Individually and on behalf of all similarly situated
female inmates of the Wayne County Jail,

    Plaintiffs,

vs.

COUNTY OF WAYNE; BENNY N. NAPOLEON,
In his Official Capacity as WAYNE COUNTY
SHERIFF; and OFFICER GRAHAM,
In her Individual Capacity; jointly and severally,

    Defendants.

## COMPLAINT AND JURY DEMAND

NOW COME PLAINTIFFS, Katrina Woodall, Katana Johnson, Kelly Davis, Joanie Williams, Latoya Hearst, and Cynthia Whack-Finley by and through their counsel, DETTMER & DEZSI, PLLC and file the instant complaint and jury demand as follows:

### PARTIES

1.    Plaintiff Katrina Woodall is a citizen of the State of Michigan and currently

1

     resides in Wayne County, Michigan.

2. Plaintiff Katana Johnson is a citizen of the State of Michigan and currently resides in Wayne County, Michigan.

3. Plaintiff Kelly Davis is a citizen of the State of Michigan and currently resides in Wayne County, Michigan.

4. Plaintiff Joanie Williams is a citizen of the State of Michigan and currently resides in Wayne County, Michigan.

5. Plaintiff LaToya Hearst is a citizen of the State of Michigan and currently resides in Wayne County, Michigan.

6. Plaintiff Cynthia Whack-Finley is a citizen of the State of Michigan and currently resides in Wayne County, Michigan.

7. Upon information and belief, each of the named Defendants are citizens of the State of Michigan.

8. Defendant County of Wayne ("County") is a governmental entity in the State of Michigan.

9. Defendant Napoleon is the elected Wayne County Sheriff who is responsible for managing and supervising the Wayne County Jail, and has final policy-making authority for the jail.

10. At all times relevant to this lawsuit, Defendant Graham was employed by the

Wayne County Sheriff in the capacity of Deputy and/or a correctional officer at the Wayne County Jail.

11. At all times relevant to this lawsuit, all of the Defendants were acting under the color of law with respect to the events set forth in the Complaint.

12. At all material times, Defendant County of Wayne employed the named Defendants and is liable for their acts. Wayne County is also liable for the unconstitutional policies, practices, and customs of the Wayne County Sheriff.

13. Defendants are jointly and severally liable to Plaintiff for the claims asserted herein.

## JURISDICTION AND VENUE

14. The Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331, § 1343(a)(1)-(4) and 1343(b).

15. Venue is proper under 28 U.S.C. § 1391(b).

## COMMON ALLEGATIONS

16. In or around March 2013 through July 2013, Plaintiff Woodall was housed as a female inmate at the Wayne County Jail.

17. In or around May 2013 through August 2013, Plaintiff Johnson was housed as a female inmate at the Wayne County Jail.

18. In or around February 2013 through June 2013, Plaintiff Davis was housed as a female inmate at the Wayne County Jail.

19. In or around December 2009 through June 2010, Plaintiff Williams was housed as a female inmate at the Wayne County Jail.

20. At various times throughout 2013 through 2014, Plaintiff Hearst was housed as a female inmate at the Wayne County Jail.

21. In or around January 2010 through May 2010, Plaintiff Finley was housed as a female inmate at the Wayne County Jail.

22. During their incarcerations at the Wayne County Jail, Plaintiffs were subjected to unreasonable, unlawful, and unconstitutional strip searches conducted by agents and/or employees of the Wayne County Sheriff.

23. Specifically, the Wayne County Sheriff has allowed an unconstitutional policy, custom and practice to flourish within the Wayne County Jail whereby female inmates were forcibly exposed in a state of undress to male guards, officers, employees, and other male inmates.

24. During strip searches, Plaintiffs, and hundreds of other female inmates were made to strip down naked in common areas of the Wayne County Jail and in view of male officers as well as other inmates.

25. During such strip searches, Plaintiffs, and hundreds of other female inmates,

4

were forced to bend over and spread their vaginal parts and anus under the pretense of searching for contraband.

26. Defendants conducted these unreasonable and unconstitutional strip searches even if the female inmates were experiencing menstrual cycles which would often result in menstrual discharges in the common areas of the jail during these *en masse* strip searches.

27. During these unconstitutional strip searches, Plaintiffs and hundreds of other female inmates would see and hear the male officers laughing and otherwise mocking them while standing naked and being forced to expose themselves.

28. Plaintiffs were also subject to degrading, humiliating, and sexually exploitive conduct by Defendants who would comment on their breast sizes, inquire of their sexual orientation, and make derogatory comments about their private parts and refer to them as "bleeding hogs."

29. Defendant Graham would routinely degrade and humiliate Plaintiffs, and hundreds of other female inmates, by commenting on the inmates' bodies, telling them their "pussy" stank, referring to some as "funky monkeys," and would light candles and incense while performing strip searches.

30. These strip searches, which were often conducted in groups, were conducted without reasonable suspicion that any particular inmates were in the

possession of contraband.

31. Often times these unreasonable and unconstitutional strip searches occurred before and after the female inmates were taken to court proceedings and/or medical examinations during which the female inmates were always in the presence of correctional officers.

32. Plaintiffs each were subjected to several unreasonable and unconstitutional strip searches during their incarcerations at the Wayne County jail.

33. Plaintiffs were also routinely, forcibly exposed to male deputies who often worked in the stations adjacent to the female inmates' housing unit.

34. The male deputies who were assigned to the female housing unit had direct view into the cells of several female inmates including views of the inmates' toilets.

35. The male deputies who were assigned to the female housing unit had direct view into the shower areas of the female inmates.

36. Plaintiffs and other female inmates were often degraded, humiliated, and subjected to inhumane and cruel treatment as described herein for no legitimate penological interest but rather to embarrass, humiliate, and degrade them.

37. Plaintiffs suffered extreme emotional distress, humiliation, embarrassment,

and damage as a result of Defendants' degrading, humiliating, and cruel actions.

38. Plaintiffs were putative class members of two previously filed cases that sought to challenge as unconstitutional the acts, policies, and/or customs of Defendants as now raised herein.

39. Specifically, Plaintiffs were putative class members in the case of *Weathington v. Wayne County, et. al.*, Case No. 12-13573 (E.D. Mich) in which case the court never ruled on Plaintiff Weathington's motion to certify a class action.

40. Following the court's termination of Plaintiff Weathington's motion to certify a class action, Plaintiffs were putative class members in the case of *Sumpter v. Wayne County, et. al.*, Case No. 14-14769 (E.D. Mich), in which case, like *Weathington*, the Court never ruled on Plaintiff Sumpter's motion to certify a class action.

41. Given that the Court never reached the merits of Plaintiff Weathington's or Sumpter's motions to certify class, the instant Plaintiffs, as putative class members of those previously dismissed cases, now seek class certification in the instant case.

42. In particular, Plaintiffs seek to certify the following classes of putative

plaintiffs:

(1) all females who were housed, detained, and/or incarcerated by the Wayne County Sheriff at any of the three Wayne County Jail Divisions from the period of August 13, 2009 until the date of judgment or settlement of this case, who were forcibly exposed in the nude to members of the opposite sex while being subjected to strip and/or visual body cavity searches pursuant to the Wayne County Sheriff's policies, practices, and/or customs;

(2) all females who were housed, detained, and/or incarcerated by the Wayne County Sheriff at any of the three Wayne County Jail Divisions from the period of August 13, 2009 until the date of judgment or settlement of this case, who were subjected to strip and/or visual body cavity searches in a group with other inmates also being strip and/or visual body cavity searched without a legitimate penological interest and which searches did not afford privacy from others, pursuant to the Wayne County Sheriff's policies, practices, and/or customs;   and

(3) all females who were housed, detained, and/or incarcerated by the Wayne County Sheriff at any of the three Wayne County Jail Divisions from the period of August 13, 2009 until the date of judgment or settlement of this case, who were subjected to strip and/or visual body cavity searches under unsanitary conditions, including being exposed to the bodily floods of other inmates who were being strip searched, without a legitimate penological interest and which searches did not afford privacy from others, pursuant to the Wayne County Sheriff's policies, practices, and/or customs;

(4) all females who were housed, detained, and/or incarcerated by the Wayne County Sheriff at any of the three Wayne County Jail Divisions from the period of August 13, 2009 until the date of judgment or settlement of this case, who were subjected to strip and/or visual body cavity searches while being subjected to derogatory, degrading and/or sexually exploitive comments without a legitimate penological interest and which searches did not afford privacy from others, pursuant to the Wayne County Sheriff's policies, practices, and/or customs;

## **COUNT I; VIOLATION OF THE FOURTH AMENDMENT**

43. Plaintiffs hereby incorporate by reference herein the allegations contained in the above Paragraphs of the complaint.

44. The acts of Defendants as ratified, endorsed, and cultivated by Wayne County and its Sheriff as described herein violated Plaintiffs' privacy rights as guaranteed by the Fourth Amendment to the United States Constitution.

45. Defendants' actions as described herein were undertaken without regard to any legitimate penological interest.

46. Defendants' acts of forcibly exposing Plaintiffs to be seen naked by male deputies and male inmates constituted an unreasonable invasion of privacy in violation of the Fourth Amendment.

47. Defendants' acts of forcibly exposing Plaintiffs to be seen naked by other inmates in the absence of any legitimate penological interest by Defendants to conduct such group strip searches constituted an unreasonable invasion of privacy in violation of the Fourth Amendment.

48. Defendants' acts of forcibly exposing Plaintiffs to be strip searched while being subjected to derogatory, sexually exploitive, and humiliating comments about their bodies and private parts in the presence of other guards and/or inmates and without a legitimate penological interest

constituted an unreasonable invasion of privacy in violation of the Fourth Amendment.

49. Defendants' acts of forcibly exposing Plaintiffs to be strip searched under unsanitary conditions, including being exposed to the bodily fluids of other inmates, without a legitimate penological interest constituted an unreasonable invasion of privacy in violation of the Fourth Amendment.

50. Defendants' actions were not taken spontaneously in response to an emergency, but rather in conformity with the County and Sheriff's Department's deliberate policies, customs, and practices.

51. The constitutional rights that Defendants violated were clearly established at all times when Defendants violated such rights and a reasonable person in Defendants' position would have understood that their conduct was in violation of those rights.

52. Defendants are therefore not entitled to qualified immunity.

53. By virtue of Defendants' actions, Plaintiffs are entitled to compensatory and punitive damages individually and on behalf of a class of all similarly situated inmates.

## COUNT II; *MONELL* CLAIM AGAINST WAYNE COUNTY AND WAYNE COUNTY SHERIFF FOR ITS UNCONSTITUTIONAL POLICES, CUSTOMS, AND PRACTICES

54. Plaintiffs hereby incorporate by reference herein the allegations contained in the above Paragraphs of the complaint.

55. Defendants County of Wayne and Wayne County Sheriff employed the use of unconstitutional policies, practices, and customs relating to strip searches that resulted in the violation of Plaintiffs' constitutional rights under the Fourth Amendment.

56. Specifically, Defendants County and its Sheriff allowed the following unconstitutional policies, practices, and customs to flourish in the Wayne County Jail:

   a. subjecting female inmates to strip searches in *en masse* without regard to the inmates' privacy rights and without legitimate penological interest;

   b. forcibly exposing female inmates to strip searches in the presence of or within view of members of the opposite sex without a legitimate penological interest; and

   c. forcibly exposing female inmates to strip searches in unsanitary conditions without a legitimate penological interest;

    d. forcibly exposing female inmates to strip searches while subjecting them to derogatory, degrading and sexually exploitive comments without a legitimate penological interest;

57. Defendants' unconstitutional polices, practices, and customs as described herein served no legitimate penological interest.

### COUNT III; *MONELL* CLAIM AGAINST WAYNE COUNTY AND WAYNE COUNTY SHERIFF FOR INADEQUATE TRAINING AND/OR SUPERVISION OF ITS AGENTS AND EMPLOYEES REGARDING THE CONSTITUTIONAL RIGHTS OF CITIZENS

58. Plaintiffs hereby incorporate by reference herein the allegations contained in the above Paragraphs of the complaint.

59. Defendants County of Wayne and its Sheriff had an obligation to train its employees and/or agents regarding the constitutional rights of citizens under the Fourth Amendment including the right to privacy.

60. Defendants County of Wayne and its Sheriff had an obligation to supervise its agents and employees, including the individual Defendants named herein, to insure that the constitutional rights of Plaintiffs and similarly situated female inmates were not violated.

61. In particular, Defendants' failure to train and supervise its agents and/or employees resulted in the following unconstitutional policies, practices, and customs to flourish in the Wayne County Jail:

    a. subjecting female inmates to strip searches in *en masse* without regard to the inmates' privacy rights and without legitimate penological interest;

    b. forcibly exposing female inmates to strip searches in the presence of or within view of members of the opposite sex without a legitimate penological interest; and

    c. forcibly exposing female inmates to strip searches in unsanitary conditions without a legitimate penological interest;

    d. forcibly exposing female inmates to strip searches while subjecting them to derogatory, degrading and sexually exploitive comments without a legitimate penological interest;

62. Defendants County of Wayne and its Sheriff failed to comply with its duty to train and/or supervise its employees and/or agents and had a custom or policy of acting with deliberate indifference to violations of the constitutional rights of Plaintiffs and other similarly situated female inmates.

63. By inadequately training and/or supervising its employees and agents and having a custom or policy of deliberate indifference to the constitutional rights of Plaintiffs, Defendants encouraged and cultivated the conduct that resulted in the violation of Plaintiffs' constitutional rights as set forth herein.

64. Defendants' policies, practices, and customs were the moving force in causing Plaintiffs' injuries as described herein.

65. By virtue of the actions of Defendant County of Wayne and its Sheriff, Plaintiffs are entitled to compensatory and punitive damages individually and on behalf of the class of putative class members.

## DAMAGES AND RELIEF REQUESTED

66. Plaintiffs hereby incorporate by reference the allegations contained in the above Paragraphs of the complaint.

67. As a direct and proximate result of Defendants' conduct, each and every one of them, as set forth herein, Plaintiffs' constitutional rights under the Fourth Amendment were violated.

68. As a direct and proximate result of Defendants' conduct, each and every one of them, as set forth herein, Plaintiffs suffered extreme injury including emotional distress, humiliation, anguish, and embarrassment.

69. Plaintiffs, individually and on behalf of similarly situated individuals, are entitled to any and all damages or losses compensable under federal and state law including, but not limited to, those damages authorized under 42 U.S.C. §§ 1983, 1988, and/or Michigan law.

70. Plaintiffs are also entitled to declaratory and injunctive relief to prevent the

further degradation, humiliation, embarrassment, injury, and emotional distress caused by Defendants' actions and unconstitutional policies, practices, and customs.

**WHEREFORE**, Plaintiffs respectfully requests that this Court, by and through its trier of fact enter Judgment in favor of Plaintiffs and against Defendants, together with interest, costs and attorney fees or as otherwise determined by the court or trier of fact.

                                      Respectfully submitted,

                                      DETTMER & DEZSI, PLLC

Dated: November 14, 2017        */s/ Michael R. Dezsi*
                                      MICHAEL R. DEZSI
                                      Counsel for Plaintiffs
                                      615 Griswold Street, Suite 1600
                                      Detroit, MI 48226
                                      (313) 281-8090
                                      mdezsi@dezsilaw.com
                                      P64530

## **DEMAND FOR JURY TRIAL**

By and through counsel, Plaintiffs hereby demand a trial by jury in the above captioned matter.

> */s/ Michael R. Dezsi*
> Dettmer & Dezsi, PLLC
> Counsel for Plaintiffs
> 615 Griswold Street, Suite 1600
> Detroit, MI 48226
> (313) 281-8090
> mdezsi@dezsilaw.com
> P64530