## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

KATRINA WOODALL, *et. al.*,

     Plaintiffs,

vs.

COUNTY OF WAYNE, *et. al.*,

     Defendants.

Case No.: 17-cv-13707

Hon. Laurie J. Michelson

Mag. Judge Elizabeth A. Stafford

---

MICHAEL R. DEZSI (P64530)
Law Office of Michael R. Dezsi, PLLC
Counsel for Plaintiffs
1523 N. Main St.
Royal Oak, MI 48067
(313) 757-8112
mdezsi@dezsilaw.com

PAUL W. BROSCHAY(P36267)
Co-Counsel for Plaintiffs
340 Kinmore Ct.
Dearborn Hts, MI 48125
248-224-7507
broschay.paul@gmail.com

AUDREY J. FORBUSH (P41744)
MICHAEL D. HANCHETT (P80974)
Plunkett & Cooney
111 E. Court St., Suite 1B
Flint, MI 48502
(810) 342-7014
aforbush@plunkettcooney.com
mhanchett@plunkettcooney.com

JAMES W. HEATH (P65419)
Wayne County Corporation Counsel
DAVIDDE A. STELLA (P69948)
Assistant Corporation Counsel
Attorney for Defendants
500 Griswold Street, 30th Floor
Detroit, MI 48226
(313) 224-5030
dstella@waynecounty.com

---

## PLAINTIFFS' MOTION IN LIMINE TO ADMIT AS NONHEARSAY DEFENDANT GRAHAM'S STATEMENTS, DEFAULT, AND FINDING OF LIABLITY IN *STANLEY* CASE

Plaintiffs, by and through their attorney, LAW OFFICE OF MICHAEL R.

DEZSI, PLLC, hereby move for an Order allowing the admission into evidence of

certain statements, default, and finding of liability entered against Defendant

Graham in the matter of *Stanley v. Wayne County & Graham*, Case No. 4:18-cv-

12185 (E.D. Mich. 2018)(J. Parker).  Plaintiffs discussed the issues related herein

and Defendants did not concur as to the relief sought herein.

      **WHEREFORE**, Plaintiffs request that the Court enter an Order allowing for

the admission of such evidence as described in the accompanying brief.

                        Respectfully submitted,

Dated: November 21, 2022        */s/ Michael R. Dezsi*
                        MICHAEL R. DEZSI (P64530)
                        1523 N. Main St.
                        Royal Oak, MI 48067
                        (313) 757-8112
                        mdezsi@dezsilaw.com
                        P64530

## <u>QUESTION PRESENTED</u>

I.    Pursuant to FRE 801(d)(2), should the Court admit as substantive evidence certain statements made by Defendant Graham from the case of *Stanley v. Wayne County, et. al.*?

II.    Should the Court admit into evidence the default and finding of liability for the jail death of inmate Martha Stanley in the matter of *Stanley v. Wayne County, et. al.*?

# INDEX OF AUTHORITIES

## CASES

*Antoine v. Atlas Turner, Inc.*, 66 F.3d 105 (6th Cir. 1995).........................................4

*Beech Aircraft Corp. v. Rainey*, 488 U.S. 153 (1988) ...............................................6

*Commer. Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327 (6th Cir. 2007) .......6

*Complaint of Paducah Towing Co., Inc.*, 692 F.2d 412 (6th Cir. 1982) .............. 6-7

*Embassy Realty Investments, LLC v. City of Cleveland*, 877 F. Supp.2d 564  (N.D. Ohio 2012) ........................................................................................................6

*In re Thomas*, 191 F.3d 453 (6th Cir. 1999)(unpublished)......................................7

*Lee v. City of Los Angeles*, 250 F.3d 668 (9th Cir. 2001)......................................5-6

*Matter of Visioneering Constr.*, 661 F.2d 119 (6th Cir. 1981).................................4

*Parklane Hosiery Co. v. Shore*, 439 U.S. 322 (1979) ...........................................7-8

*Retamco Operating Inc v. Carone*, 2006 WL 8446359 (C.D. Calif. 2006) ..............5

*Stanley v. Wayne County & Graham*, Case No. 18-12185 (E.D. Mich. 2018) ..... 1-8

*Thomas v. Miller*, 489 F.3d 293 (6th Cir. 2007) ........................................................4

*Thomas v. Wooster*, 114 U.S. 104 (1885)..................................................................4

*United States v. Kasuboski*, 834 F.2d 1345 (7th Cir. 1987) .....................................5

*Watson Carpet & Floor Covering, Inc. v. Mohawk Industr.*, Civil Action No. 3:09-cv-487, 2009 U.S. Dist. LEXIS 76654 (M.D. Tenn. Aug. 27, 2009) ............... 5-6

*Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565 (6th Cir. 2008)................ 5-6

## RULES

FRE 201(b)...................................................................................................................5

FRE 401 ....................................................................................................................2, 4

FRE 801(d)(2) .........................................................................................................4-5

FRE 803(8)...............................................................................................................5, 7

## BRIEF IN SUPPORT OF PLAINTIFFS' MOTION IN LIMINE TO PRECLUDE CHARACTER EVIDENCE RELATING TO DEFENDANT GRAHAM

### I.    Background Facts

Plaintiffs allege that they were subjected to unreasonable strip searches while housed at the Wayne County Jail.  In particular, Plaintiffs allege that, while housed at the Wayne County jail, they were routinely subjected to a host of derogatory comments and profanity by Defendant Graham among others.

In their Complaint, Plaintiffs allege that "Defendant Graham would routinely degrade and humiliate Plaintiffs, and hundreds of other female inmates . . ." and they were "often degraded, humiliated, and subject to inhumane and cruel treatment [] for no legitimate penological interest but rather to embarrass, humiliate, and degrade them."  ECF No. 1, Complaint, ¶¶ 29, 36.  In her Answer, Defendant Graham specifically "denies the[s]e allegation[s] as untrue."  ECF No. 33, Answer, ¶29, 36. Defendant Graham has further testified that she does not "intentionally use foul or abusive language" with the inmates. ECF No. 56-1, PageID.2019 Graham Declaration, pg. 2, ¶ 4.

### i.    *Stanley v. Wayne County & Graham*, Case No. 4:18-cv-12185 (E.D. Mich. 2018)

In the case of *Stanley v. Wayne County & Graham*, Case No. 4:18-cv-12185 (E.D. Mich. 2018), Defendant Graham was defaulted by the Court and found liable

for the death of Martha Stanley who died after not receiving medical care at the Wayne County Jail.  There, Graham was deemed to have made certain statements in response to Ms. Stanley's pleas for medical attention, food, and water by stating, "[d]on't expect me to feel sorry for you.  Don't expect me to give you any mother fucking sympathy."  ECF No. 1, Complaint, Case No. 4:18-cv-12185; ECF No. 58 (Clerk's entry of default as to Defendant Graham); ECF No. 59, R&R to enter default judgment against Defendants Wayne County and Graham; and ECF No. 61, Opinion and Order accepting R&R and granting default).

Plaintiffs now seek an Order in limine allowing the admission into evidence of the following:  (1) Graham's statement from the *Stanley* case; and, (2) the Court's finding of liability/judgment against Graham for the death of Ms. Stanley.

### A. Graham's statements and judgment from the *Stanley* matter are relevant to both the claims and defenses raised in this case.

In considering the *Stanley* matters of evidence, the Court should first conclude that such matters (both Graham's statements and the judgment/finding of liability) are relevant to the instant case.  As a general rule, a trial court should admit evidence that is relevant to disputed questions of fact.  FRE 401 defines "relevant" evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

2

In deciding whether evidence is relevant, the court must find that it is both material; that is, of consequence to the determination of the action, and have probative force (i.e., to make a fact of consequence more or less probable than it would be without the evidence).

Here, the Court should conclude that Graham's statements and the finding of liability from the *Stanley* matter are both relevant to the issues presented herein. For starters, Plaintiffs allege in their Complaint: "Defendant Graham would routinely degrade and humiliate Plaintiffs, and hundreds of other female inmates . . ." and they were "often degraded, humiliated, and subject to inhumane and cruel treatment [] for no legitimate penological interest but rather to embarrass, humiliate, and degrade them." ECF No. 1, Complaint, ¶¶ 29, 36. Graham specifically denies these allegations as untrue." ECF No. 33, Answer, ¶29, 36. And Graham has further testified that she does not "intentionally use foul or abusive language" with the inmates. ECF No. 56-1, PageID.2019 Graham Declaration, pg. 2, ¶ 4.

As demonstrated by these pleadings, there is a direct conflict between whether, and to what extent, Graham (mis)treats inmates at the Wayne County jail. Graham's statements from *Stanley* bear directly on this disputed question of fact such that her statements are both material and probative. At the same time, Graham's statements from the *Stanley* matter also contradict her specific denials that she is both inhumane and cruel to inmates at the jail. Therefore, the Court should

3

conclude that her statements from *Stanley* are relevant under FRE 401.

The same holds true as to the Court's finding of liability and judgment entered against Graham in the *Stanley* matter which, again, bears directly on the disputed question of Plaintiffs' allegations as to how they were "often degraded, humiliated, and subject to inhumane and cruel treatment" which Graham denies such that they are relevant under FRE 401.

### B. Defendant Graham's statements were deemed admitted and thus fall within the purview of FRE 801(d)(2) such that they are not hearsay.

Defendant Graham's statements from *Stanley* are not hearsay such that they are admissible as substantive evidence. Graham's statements from the *Stanley* case were deemed admitted as a result of default being entered against her. See ECF Nos. 58, 59, 61. It is well established law that once a default is entered against a defendant, all factual allegations of the complaint, except those relating to the amount of damages, are taken as true. *Thomas v. Wooster*, 114 U.S. 104 (1885); *Matter of Visioneering Constr.*, 661 F.2d 119, 124 (6th Cir. 1981); *Thomas v. Miller*, 489 F.3d 293, 299 (6th Cir. 2007)(holding that the entry of default "conclusively establishes every factual predicate of a claim for relief."); *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110-11 (6th Cir. 1995).

In light of the fact that the Court deemed Graham's statements admitted in the *Stanley* matter, the Court should now conclude that such statements are admissible

as substantive evidence herein because they are excluded from the definition of hearsay under FRE 801(d)(2)(excluding from the definition of hearsay statements made by an opposing party which are offered against the opposing party).[1]

### C. The Court's finding of liability and judgment against Graham in the *Stanley* matter should also be admitted into evidence in this case under both FRE 201(b) and FRE 803(8).

Plaintiffs also seek an order allowing the admission into evidence of the Court's finding of liability and judgment against Defendant Graham for the death of inmate Martha Stanley at the Wayne County jail as conclusively determined in the Stanley matter.

The Court's finding and judgment of liability against Graham, now a matter of public record, can be judicially recognized under FRE 201(b). As one Court has noted:

> Rule 201(b) of the Federal Rules of Evidence provides that '[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.' While the

---

[1] Analyzing a similar issue, at least one district court rejected a defendant's assertion that statements deemed admitted by the court should be exempted from the purview of FRE 801(d)(2). *Retamco Operating Inc v. Carone*, 2006 WL 8446359 (C.D. Calif. 2006). In rejecting the defendant's challenge to the court's use of relying on statements deemed admitted by the court for purposes of summary judgment, the court aptly noted that "unless the party securing an admission can depend on its binding effect, . . . the purpose of the rule is defeated." *Id.* at ** 4 (citing *United States v. Kasuboski*, 834 F.2d 1345, 1350 (7th Cir. 1987)).

existence of the administrative and court records are capable of accurate and ready determination, the facts contained within any particular document may not be easily confirmed.  As such while the Court takes judicial notice of the existence of the documents and the proceedings in which the documents were generated, including any rulings made by the various agencies and state courts, the Court does not take judicial notice of the truth of any statement of facts contained within these documents.  *See Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 576 (6th Cir. 2008)(district court properly took judicial notice that plaintiff had lodged an objection in a bankruptcy proceeding without taking judicial notice of the facts contained in the bankruptcy court documents); *see, e.g., Watson Carpet & Floor Covering, Inc. v. Mohawk Industr.*, Civil Action No. 3:09-cv-487, 2009 U.S. Dist. LEXIS 76654, at *12-13 (M.D. Tenn. Aug. 27, 2009)(taking judicial notice of the existence of another court's opinions and statements of facts, but not the truth of those statements); *compare Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001)(trial court erred in taking judicial notice of disputed facts stated in public records).

*Embassy Realty Investments, LLC v. City of Cleveland*, 877 F. Supp.2d 564, 571 (N.D. Ohio 2012)(citing *Commer. Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007)).

Taking judicial notice of the Court's finding of liability and judgment against Graham in *Stanley* does not preclude Graham from contesting the underlying findings.  Rather, the purpose of taking judicial notice is to confirm the fact that the Court made a finding of liability against Graham and entered its judgment against

her.  Graham is free to argue that she believes the finding was incorrect and/or wrong despite the Court's ultimate finding and judgment which facts are uncontroverted.

The same holds true as to the *Stanley* Court's having deemed admitted Graham's statements.  Such factual findings as made by the Court fall within the public records exception to hearsay under FRE 803(8).  *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153 (1988)(holding that factual findings fall within the scope of FRE 803(8) such that they aren't inadmissible hearsay); *see also Complaint of Paducah Towing Co., Inc.*, 692 F.2d 412, 420 (6th Cir. 1982)(holding that Administrative Law Judge's findings are admissible as factual findings excluded from hearsay under FRE 803(8)).

Moreover, to the extent that Defendants may contest the application of the Court's findings from the *Stanley* matter, the Court should reject such a challenge based on the doctrine of non-mutual offensive collateral estoppel.  The doctrine of non-mutual offensive collateral estoppel permits "a litigant who was not a party to a prior judgment [to] use that judgment 'offensively' to prevent a defendant from relitigating issues resolved in the earlier proceeding."  *In re Thomas*, 191 F.3d 453 (6th Cir. 1999)(unpublished)(quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979)).

The non-mutual offensive collateral estoppel doctrine may be used when the party against whom collateral estoppel is asserted in the present action was a party

in the previous action, that party had a full opportunity to litigate the issue in the previous action, and the issue was actually litigated in the prior action. *Parklane Hosiery*, 439 U.S. at 329. Each of these elements are met here where Defendant Graham was a party to the *Stanley* action, had the opportunity to litigate the matter and lost as a result of the Court entering default against her.

For the reasons set forth above, the Court should conclude that both Graham's statements and the Court's finding of liability and judgment in the *Stanley* case are admissible as substantive evidence at trial in this matter.

### D. Use of *Stanley* matters as impeachment evidence

To the extent that the Court may disagree with Plaintiffs and rule that Graham's statements and the Court's finding of liability and judgment in the *Stanley* matter are not admissible as substantive evidence, Plaintiffs intend nevertheless to use such evidence for purposes of impeachment.

For example, during her deposition taken on October 9, 2019, Defendant Graham was asked if she had been "named in any other lawsuits" and she responded "no." Clearly this wasn't accurate as Graham had been a named defendant in the *Stanley* suit that was filed on July 12, 2018 almost a year prior to her deposition in this case. This is just one example of how Plaintiffs intend to impeach Graham at trial with reference to the *Stanley* suit.

## **CONCLUSION**

For the reasons set forth herein, the Court should enter an Order allowing the admission into evidence of both Graham's statements and the Court's finding of her liability and judgment in the *Stanley* matter.

Respectfully submitted,

Dated: November 21, 2022

*/s/ Michael R. Dezsi*
MICHAEL R. DEZSI
Counsel for Plaintiffs
1523 N. Main St.
Royal Oak, MI 48067
(313) 757-8112
mdezsi@dezsilaw.com
P64530

9

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 21, 2022, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record.

<div style="margin-left: 40%;">

*/s/Michael R. Dezsi*
MICHAEL R. DEZSI
1523 N. Main St.
Royal Oak, MI 48067
(313) 757-8112
mdezsi@dezsilaw.com
P64530

</div>

10